## Ollie Robinson v. State.

### No. 1307.  Decided October 18, 1911.

**1.—Theft—Evidence—Value.**

Upon trial of theft of and over the value of $50, there was no error in permitting the opinion of an expert as to the value of the bicycle alleged to have been stolen; and where the witness expressed the opinion that he thought the same was worth something like $50, there was no error to exclude the answer of the witness to the question that if the bicycle had been placed in the witness' store, and priced at $50, whether the same would find a purchaser.

**2.—Same—Charge of Court—Circumstantial Evidence—Felony—Misdemeanor.**

Where the court in his charge properly submitted the issue of circumstantial evidence and also the question of felony and misdemeanor theft, and properly applied the reasonable doubt as between the two offenses, etc., the jury could not have been misled, and a verdict for felony theft is sustained.

**3.—Same—Charge of Court—Purchase.**

Where, upon trial of theft, the charge of the court properly submitted to the jury the defendant's claim of purchase, there was no reversible error.

Appeal from the District Court of McLennan.    Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted, charged with the theft of property of the value of fifty-one dollars.  He was convicted, and his punishment assessed at two years confinement in the penitentiary.

There are but two bills of exception in the record, and both relate to the testimony of W. J. Dorsett, a witness for appellant.  On cross-examination (after the witness had testified on direct examination, that a bicycle, which cost $65 when new, if used for three months, would be worth about $40; that the value, in a great measure, depended on the use and care taken of the property,) the State asked him, "if a bicycle is worth $65 when it is new, and it was used two months and twenty days, and good care taken of same, what would you consider same to be worth?" To which the witness answered:  "I think it would be worth something like $50." This witness had testified he was a dealer in bicycles and familiar with the market value of both new and secondhand machines.  The court did not err in admitting this testimony.  On direct examination, counsel for appellant asked the witness: "Suppose, Mr. Dorsett, that the bicycle in question, taking into consideration the length of time that it had been used, and your knowledge of secondhand values, had been placed in your

bicycle store, and priced for sale at $50, would same find a purchaser?" The witness had testified that he would "consider the machine worth about forty dollars; to the dealer the bicycle would hardly be worth as much as forty dollars," and we do not think the court erred in sustaining the objection. These are all the bills of exception to the admission and rejection of testimony, and the grounds in the motion complaining of the admissibility of other testimony can not be reviewed by us in the absence of a bill of exceptions.

This was a case of circumstantial evidence, and it was proven that the bicycle was found in appellant's possession; that from the time it was stolen, to its recovery, it had been painted a different color, the paint he so used as to obliterate the number on the machine. By rubbing off the paint the number could be seen, and was positively identified both by the owner and the dealer selling it. The court's charge on circumstantial evidence is not subject to the criticism of appellant. It fully presents the law on this question. Neither is the charge on felony theft and misdemeanor theft subject to the criticism contained in the motion. The jury is informed that before they would be authorized to convict appellant of a felony, they must find, beyond a reasonable doubt, that the bicycle was of the reasonable cash market value of fifty dollars or over at the time and place of the alleged offense; and in the charge of misdemeanor theft, they are instructed: "If you believe from the evidence, beyond a reasonable doubt, that defendant is guilty, but have a reasonable doubt whether said bicycle was of the reasonable cash market value of fifty dollars or over at the time and place of the alleged offense, you will give the defendant the benefit of such reasonable doubt and not convict him of theft of the value of property of fifty dollars or over, but convict him of petty theft, that is, of the theft of property under the value of fifty dollars." The jury can not have been misled by this charge.

The defendant, on cross-examination of the witness, Josephine Robinson, proved that appellant told her he had purchased the machine from a white woman. The court fairly submitted this issue to the jury, and as this evidence was introduced by defendant, the State was in no way bound thereby.

The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.